IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dennis Gallipeau *a/k/a* Dennis M. Gallipeau, <br><br> Plaintiff, <br><br> vs. <br><br> Renewal by Anderson LLC and Window Replacement Columbia[1], <br><br> Defendants. | Civil Action No. 3:23-cv-00543-TMC <br><br> **ORDER** |

Plaintiff Dennis Gallipeau ("Plaintiff") originally brought this action in South Carolina state court against Defendants Renewal by Anderson LLC ("Renewal") and Window Replacement Columbia (collectively, "Defendants"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10 to 39-5-180. (ECF No. 1-1). On February 8, 2023, Renewal removed the action to this court based on federal question jurisdiction arising from Plaintiff's TCPA claim. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a magistrate judge for pretrial handling.

On February 22, 2023, Plaintiff filed a motion to strike the Notice of Removal and to remand the case back to state court on the grounds that (1) he did not receive the Notice of Removal in the mail nor had it been filed in state court as of February 18, 2023, and (2) this court does not have "exclusive jurisdiction" over Plaintiff's TCPA claim. (ECF No. 9). Renewal filed its response in opposition to Plaintiff's motion on March 8, 2023. (ECF No. 10). Now before the

---

[1] As of the date of this order, Defendant Window Replacement Columbia has not made an appearance in this case, nor is there any indication in the record that this Defendant has been served with notice of this action.

court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Plaintiff's motion to strike and remand. (ECF No. 18). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See id*. at 1–4. The magistrate judge also advised the parties of their right to file specific objections to the Report. *Id*. at 8. To date, neither party has filed any objections to the Report, and the time in which to do so has now expired. Accordingly, this matter is ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v.*

*Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, after a careful and thorough review of the Report and the pleadings, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 18), which is incorporated herein by reference. Accordingly, for the reasons stated therein, the court **DENIES** Plaintiff's motion to strike and remand (ECF No. 9).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 6, 2023

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.